IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| URSULA FONSECA, | ) Civil Action No. 3:09-1963-HMH-JRM |
| Plaintiff, | ) |
| v. | ) |
| | ) **REPORT AND RECOMMENDATION** |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, | ) |
| Defendant. | ) |

This case is before the court pursuant to Local Rule 83.VII.02, et seq., D.S.C., concerning the disposition of Social Security cases in this District. Plaintiff brought this action on July 24, 2009, pursuant to 42 U.S.C. § 405(g), to obtain judicial review of the final decision of the Commissioner of Social Security ("Commissioner") as to her claim for disability benefits. On December 14, 2009, the Commissioner filed a motion to dismiss. On March 4, 2010, the undersigned, because Plaintiff is proceeding pro se, advised Plaintiff of her rights pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Plaintiff did not file a response.

## DISCUSSION

The Commissioner contends that Plaintiff's complaint should be dismissed because it was filed more than sixty days after receipt of the "Final Decision" of the Commissioner and is, therefore, untimely. Additionally, the Commissioner asserts that there are no reasons why the deadline for filing this action in Federal Court should be equitably tolled.

On June 29, 2007, an Administrative Law Judge ("ALJ") issued a finding that Plaintiff's disability under Title II of the Social Security Act, 42 U.S.C. §§ 401-433, ceased as of September

1, 2004 due to medical improvement in Plaintiff's condition. See Defendant's Ex. 1.[1] The Commissioner provides that on December 18, 2008, the Appeals Council notified Plaintiff that it was denying her request for review, and that she had sixty days to commence a civil action in the United States District Court. See Defendant's Ex. 2. The ALJ's decision became the "final" decision of the Commissioner when the Appeals Council denied review. See 20 C.F.R. § 404.981. Plaintiff submitted additional evidence via facsimile to the Appeals Council on February 8, 2009. She requested that the Appeals Council reopen its December 2008 decision denying review. Defendant's Ex. 3 On March 25, 2009, the Appeals Council notified Plaintiff that it was denying her request to reopen the case.[2] The Appeals Council found that the additional evidence did not relate to the period at issue and did not provide a basis for changing the ALJ's decision. See Defendant's Ex. 4, 20 C.F.R. § 404.970(b). On May 6, 2009, Plaintiff requested copies of the Appeals Council's December 18, 2008 letter denying her request for review. See Defendant's Ex. 5. The Appeals Council sent Plaintiff the requested letter on June 8, 2009. See Defendant's Ex. 6. On May 21, 2009, Plaintiff requested, via facsimile to the Appeals Council, an extension of time to file a civil suit. See Defendant's Ex. 7. In a notice dated June 10, 2009, the Appeals Council granted Plaintiff an additional 30 days from the date she received the notice to file a civil action. See Defendant's Ex. 8. The notice also informed Plaintiff that it would be assumed she received the notice within five days of the date on it unless she could show that she did not receive the notice within the five-day period. Id. There is no indication that Plaintiff made any further request for an extension of time

---

[1] References to exhibits to the Declaration of Donald V. Ortiz (attachment to Defendant's motion to dismiss) are referred to as "Defendant's Ex. ___" in this report and recommendation.

[2] In response to the Court's special interrogatory, Plaintiff stated that she received notice of the Appeals Council's decision on April 3, 2009. See Doc. 11.

2

to file a civil suit. See Declaration of Donald V. Ortiz, Acting Chief of Court Case Preparation and Review Branch 2 of the Office of Appellate Operations, Office of Disability Adjudication and Review, SSA (detailing documents in Plaintiff's SSA file).

The Social Security Act provides that civil actions seeking judicial review of a final decision of the Commissioner must be commenced[3] within sixty days after the mailing of a notice of the decision. See 42 U.S.C. § 405(g). This statute of limitations has been modified by the regulations so that it begins to run only upon receipt of the notice rather than upon its mailing. See 20 C.F.R. § 422.210(c). The regulations provide, however, that receipt is presumed to be five days after mailing, unless there is a "reasonable showing to the contrary." Id. If the plaintiff rebuts the five-day presumption, the Commissioner has the burden of showing that the plaintiff received actual notice within the time provided in the regulations. See McCall v. Bowen, 832 F.2d 862, 864 (5th Cir.1987); Matsibekker v. Heckler, 738 F.2d 79, 81 (2d Cir.1984).

Here, Plaintiff failed to file her complaint within sixty days after the presumptive date of receipt (five days after March 25, 2009) or the date she asserted in her response to the special interrogatory that she received actual notice (April 3, 2009). In a notice dated June 10, 2009, however, the Appeals Council granted Plaintiff an additional 30 days from the date she received the notice to file a civil action. See Defendant's Ex. 8. Adding the additional five days for presumptive receipt, the deadline for Plaintiff to commence a civil action in this court was July 15, 2009. Plaintiff, however, did not file this action in this court until July 24, 2009. See Doc. 1.

The sixty-day requirement is not jurisdictional and is subject to equitable tolling. See Bowen v. City of New York, 476 U.S. 467, 481 (1986); Hyatt v. Heckler, 807 F.2d 376, 380 (4th Cir.1986).

---

[3]An action is "commenced" when a complaint is filed with the court. See Fed. R. Civ. P. 3.

3

However, equitable tolling must be justified by exceptional circumstances. Hyatt, 807 F.2d at 378. In Hyatt, the Fourth Circuit found that the equities warranted such tolling where the Secretary of Health and Human Services' "secretive and systematic" policy of not acquiescing with the law of the relevant circuit resulted in the denial of benefits for a class of claimants. Id. at 380-81. The Fourth Circuit also made clear, however, that tolling of the period of limitation "will rarely be appropriate." Id. at 378.

Here, the Appeals Council granted Plaintiff a 30-day extension of time, but she still did not timely file her action. Plaintiff, who has not responded to Defendant's motion to dismiss, has presented no extraordinary circumstances or equities that would warrant tolling of the 60-day statute of limitations.

## **CONCLUSION**

Plaintiff failed to timely file this action and there are no circumstances that justify equitable tolling. It is, therefore,

RECOMMENDED that the Commissioner's motion to dismiss (Doc. 22) be **granted**.


Joseph R. McCrorey
United States Magistrate Judge

April 15, 2010
Columbia, South Carolina


**The parties' attention is directed to the important information on the attached notice.**

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).